**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SHARON SCHUTTE,** <br> Plaintiff, | Case No. <br> _____ |
| v. | Hon. <br> _____ |
| **IMLAY TOWNSHIP, IMLAY TOWNSHIP BOARD, UNKNOWN IMLAY TOWNSHIP OFFICIALS, in their official and individual capacities, and JOHN/JANE DOE GOVERNMENTAL ACTORS 1– 20, whose identities are presently unknown,** <br> Defendants. | |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND EMERGENCY RELIEF

Plaintiff Sharon Schutte, by and through counsel, Michelle LG Dallaire, JD, LLM, states as follows:

## I. NATURE OF ACTION

1. This is an emergency civil-rights action under 42 U.S.C. § 1983 seeking declaratory, injunctive, and emergency relief to preserve the status quo and prevent the removal, seizure, transfer, adoption, sale, euthanasia, or other interference with Plaintiff's remaining dogs, presently believed by counsel to number twelve although the number may now be lower, pending constitutionally adequate process and federal review.

1

2. Plaintiff seeks emergency relief because Defendants have authority under a written state-court enforcement order to enter Plaintiff's property and structures and remove dogs from Plaintiff's property upon expiration of the state-court stay.

3. Plaintiff does not seek appellate review, reversal, or modification of the state-court judgment. Plaintiff seeks prospective federal relief against imminent and future enforcement actions, including the manner of entry, seizure, handling, and disposition, that threaten ongoing constitutional violations and irreparable harm.

4. Plaintiff's Affidavit is being filed contemporaneously as Exhibit 1 to the Emergency Motion for Temporary Restraining Order and Preliminary Injunction and is incorporated by reference as the principal factual basis for immediate and irreparable harm.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

6. This Court has jurisdiction under 28 U.S.C. § 1343 because Plaintiff seeks redress for deprivation, under color of state law, of rights secured by the Constitution of the United States.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's related state-law equitable-estoppel, vested-rights, grandfathered-use, and nonconforming-use claims because they form part of the same case or controversy as the federal claims.

8. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

9. This Court has authority to grant temporary, preliminary, and permanent injunctive relief under Fed. R. Civ. P. 65.

10. To the extent the Anti-Injunction Act, 28 U.S.C. § 2283, is implicated, this action arises under 42 U.S.C. § 1983, an Act of Congress that expressly authorizes appropriate federal injunctive relief. Plaintiff nevertheless requests only the narrowest prospective relief necessary to preserve the status quo.

11. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because the events occurred in this District and Defendants are located in this District.

12. Lapeer County is within the Southern Division of the Eastern District of Michigan.

### III. PARTIES

13. Plaintiff Sharon Schutte is an individual resident of Lapeer County, Michigan.

14. Defendant Imlay Township is a Michigan general-law township located in Lapeer County, Michigan.

15. Defendant Imlay Township Board is the governing board of Imlay Township.

16. Defendant Unknown Imlay Township Officials are Township officials, officers, employees, agents, or representatives whose specific identities are presently unknown and who participated in, authorized, directed, threatened, or may participate in enforcement action against Plaintiff, in their official and individual capacities.

17. Defendant John/Jane Doe Governmental Actors 1–20 are governmental actors, officers, employees, agents, or representatives whose identities are presently unknown and who participated in, authorized, directed, threatened, or may participate in enforcement action against Plaintiff, including entry onto Plaintiff's property or removal, handling, transfer, or disposition of dogs.

18. Official-capacity claims against Township officials are claims against Imlay Township. Individual-capacity claims are preserved pending identification of the responsible persons and factual development.

19. Plaintiff will seek leave to amend this Complaint to identify additional governmental actors and their roles as that information becomes known.

### IV. FACTUAL ALLEGATIONS

20. Plaintiff has owned dogs on her Imlay Township property for many years.

4

21. Plaintiff moved to Imlay Township with multiple dogs in approximately 2003 after verification with the Township Supervisor that there was no limit on the number of dogs so long as the dogs were licensed.

22. Plaintiff continually licensed her dogs.

23. Imlay Township later amended ordinances in approximately 2009.

24. The record in the underlying state-court proceedings includes evidence and argument that no earlier ordinance applied to Plaintiff's ownership of dogs before the 2009 ordinance amendments.

25. Plaintiff asserts that her longstanding use was lawful, vested, grandfathered, nonconforming, or otherwise protected.

26. Plaintiff also asserts that the Township's commercial-kennel ordinance does not apply to her because she does not operate a commercial kennel and does not conduct commercial activity with the dogs.

27. Plaintiff has asserted that the relevant ordinance provisions turn on licensable dogs, including dogs over one year of age, and that material facts were not adequately determined concerning the number of dogs legally counted under the ordinance.

28. In approximately 2016, Plaintiff applied for or participated in a special-land-use process with Imlay Township.

29. Plaintiff paid for and pursued that process in an effort to comply with Township requirements and resolve the matter.

30. Plaintiff asserts that Imlay Township did not issue a final decision on that application.

31. Plaintiff asserts that an agreement was reached in or around 2016 regarding reduction of the number of dogs over time.

32. Plaintiff asserts that she relied on that agreement.

33. Plaintiff asserts that she complied with the agreement and reduced the number of dogs at significant personal, financial, emotional, and property-related cost.

34. Plaintiff asserts that the Township later treated her as violating the agreement despite her reliance and compliance.

35. Imlay Township filed a Verified Complaint for Injunctive Relief in Lapeer County Circuit Court, Case No. 22-055692-CZ.

36. The Lapeer County Circuit Court entered an Opinion and Order granting relief in favor of Imlay Township.

37. Plaintiff appealed.

38. Plaintiff's appellate filings raised issues including disputed material facts, ordinance applicability, grandfathered or vested use, the 2016 agreement, lack of a final administrative decision, reliance, prejudice, and failure to establish that Plaintiff was operating a commercial kennel.

39. On October 30, 2025, the Lapeer County Circuit Court entered an Order Regarding Defendant's Motion for Stay Pending Appeal.

40. That order granted a stay only subject to Plaintiff posting a $1,000 cash bond.

41. The order further provides that, upon disposition of Plaintiff's application for leave to appeal to the Michigan Supreme Court, the stay expires and the Township may take enforcement action, including entry onto Plaintiff's property and into structures located thereon for purposes of removing dogs from the property in violation of Township ordinances.

42. The Michigan Supreme Court denied leave to appeal on May 22, 2026.

43. Accordingly, the October 30, 2025 order now provides written authority that Defendants may invoke to enter Plaintiff's property and structures and remove dogs.

44. The October 30, 2025 order does not state that Defendants must provide further advance notice before entry or removal, identify which dogs may be removed, establish a pre-removal procedure for determining the dogs subject to removal, or prescribe safeguards governing inventory, care, custody, transfer, return, or final disposition.

45. On May 26, 2026, Plaintiff's counsel formally requested that the Township agree to a voluntary thirty-day administrative stay of all enforcement action.

7

46. Township counsel Michael J. Gildner responded that he would not agree to any "formal" stay, but stated that Plaintiff's counsel would receive a "heads-up" when the Township planned to take action.

47. Mr. Gildner's statement did not define the amount of advance notice, the method of notice, or any other terms of the anticipated "heads-up."

48. Plaintiff's counsel personally followed up on July 1 and again informally on July 28, 2026, asking how the Township wished to proceed.

49. Counsel's assistant also sent several additional emails at counsel's direction. Counsel received no further response from Township counsel.

50. As of August 3, 2026, no Township entry or dog removal has occurred, and no new Township enforcement communication has been received since July 29, 2026.

51. No formal stay exists, and no written agreement or order establishes a defined notice period, method of notice, or other reliable protection that would assure enough time for meaningful judicial review before enforcement.

52. Plaintiff does not characterize the unanswered follow-up communications as an explicit enforcement threat. The present emergency arises from the existing written enforcement authority and the absence of a formal stay or defined advance-notice protection.

53. During the underlying proceedings, Plaintiff's counsel, Michelle LG Dallaire, JD, LLM, repeatedly informed the trial court of documented disabilities and disability-related limitations affecting her ability to participate in proceedings without reasonable accommodations.

54. Plaintiff's counsel requested reasonable accommodations and further requested that disability-related information be addressed confidentially, in camera, or through another protective mechanism to preserve privacy while permitting meaningful participation.

55. The trial court had notice of counsel's disabilities and accommodation requests before entry of the October 2025 enforcement-related order.

56. Plaintiff asserts that the trial court failed or refused to meaningfully address those accommodation requests and confidentiality concerns.

57. As a result, Plaintiff's ability to receive meaningful representation, adequate notice, meaningful participation, and due-process protections was impaired.

58. Plaintiff further asserts that the threatened enforcement actions identified in the October 2025 order arose after repeated requests to address accommodation issues affecting counsel's ability to advocate effectively for Plaintiff's interests.

59. These accommodation-related circumstances are pleaded as part of the procedural history and the adequacy-of-process inquiry. Plaintiff does not ask

9

this Court to exercise appellate jurisdiction over the state court or to enter relief against the state judiciary in this action.

60. These circumstances contribute to Plaintiff's claim that immediate prospective relief is necessary to preserve the status quo and prevent irreparable harm before constitutionally adequate process can occur.

61. Plaintiff's Affidavit states the current emergency facts and irreparable harm supporting emergency federal relief.

62. Plaintiff's signed and notarized June 17, 2026 Affidavit states that twelve dogs remained at that time. Counsel presently understands that twelve dogs may remain, although the number may now be lower because Plaintiff has continued placements. Removal, seizure, transfer, adoption, sale, euthanasia, or separation of any remaining dog would cause irreparable harm.

63. Plaintiff has maintained Shetland Sheepdogs for approximately forty-two years. Her remaining dogs include unique bloodlines and relationships that cannot be recreated after dispersal or loss.

64. Plaintiff alleges that repeated inspections did not produce findings of neglect, abuse, cruelty, dangerous animals, unsanitary conditions, or nuisance conditions; the dispute has concerned dog numbers.

65. Plaintiff seeks only preservation of the present status quo pending further order of this Court.

10

66. Without immediate relief, Defendants may invoke the October 30, 2025 order by entering Plaintiff's property or structures and removing dogs before this Court can adjudicate Plaintiff's federal constitutional claims.

67. Removal of the dogs would not merely impose a monetary loss.

68. Removal of the dogs would result in loss of possession, separation, risk of transfer, adoption, sale, euthanasia, and disruption of unique animals, bloodlines, and relationships that cannot be fully remedied by damages.

69. Plaintiff has no adequate remedy at law for the threatened immediate enforcement action.

70. Plaintiff seeks emergency relief before the threatened enforcement action occurs because, after removal or dispersal occurs, the status quo will be lost.

71. Imlay Township commenced and prosecuted the underlying enforcement action and obtained the written enforcement authority through its counsel.

72. Any decision to invoke that authority, direct entry, select or remove dogs, or arrange their custody or disposition will constitute action by the Township itself, its governing Board, or officials exercising or implementing final Township enforcement authority.

73. The threatened conduct therefore reflects an official Township enforcement decision, policy, practice, authorization, ratification, or final-policymaker act for purposes of municipal liability under 42 U.S.C. § 1983.

## V. COUNT I

## 42 U.S.C. § 1983 — PROCEDURAL DUE PROCESS

74. Plaintiff incorporates all preceding paragraphs.

75. Plaintiff has protected property interests in her dogs.

76. Plaintiff also asserts protected property interests arising from her longstanding use of her property, vested rights, grandfathered or lawful prior use, nonconforming use, and reliance on Township conduct and the 2016 agreement.

77. Defendants acted and threaten to act under color of state law.

78. Defendants' threatened enforcement would deprive Plaintiff of protected property interests, including possession of her dogs and use and security of her property and structures.

79. Plaintiff asserts that constitutionally adequate process has not occurred before the threatened deprivation because material issues remain unresolved, including ordinance applicability; whether Plaintiff operated a commercial kennel; the number of licensable dogs at relevant times; whether a 2016 agreement existed; its terms; Plaintiff's reliance and compliance; whether the Township issued a final administrative decision; whether Plaintiff has vested or grandfathered rights; and whether counsel's disability-related

accommodation requests were meaningfully addressed before enforcement-related orders issued.

80. Independently, before Defendants carry out any future entry or removal, Plaintiff alleges that due process requires meaningful advance notice and an opportunity to address which dogs, if any, are subject to removal and the procedures governing entry, identification, inventory, custody, care, transfer, disposition, and return.

81. Defendants' threatened immediate enforcement, including entry onto property and removal of dogs without those safeguards, would deprive Plaintiff of property without constitutionally adequate process.

82. The threatened deprivation would be carried out pursuant to official Township enforcement authority and action.

83. Plaintiff is entitled to declaratory and injunctive relief under 42 U.S.C. § 1983.

## VI. COUNT II

### 42 U.S.C. § 1983 — UNREASONABLE ENTRY AND SEIZURE

84. Plaintiff incorporates all preceding paragraphs.

85. Plaintiff has a protected privacy and possessory interest in her home, property, structures, and dogs.

86. Entry onto Plaintiff's property and into structures for the purpose of taking dogs is governmental entry and seizure within the meaning of the Fourth Amendment.

87. Defendants threaten to invoke broad enforcement authority that does not particularize which dogs may be seized or establish reasonable safeguards governing the manner, scope, inventory, custody, and disposition of the seizure.

88. Under the circumstances alleged, entry and seizure without further constitutionally adequate procedures, particularization, or a genuine exigency would be unreasonable.

89. Plaintiff seeks prospective declaratory and injunctive relief preventing unreasonable entry and seizure while the federal claims are adjudicated.

## VII. COUNT III

### 42 U.S.C. § 1983 — SUBSTANTIVE DUE PROCESS

90. Plaintiff incorporates all preceding paragraphs.

91. Plaintiff has protected property interests in her dogs and in lawful, vested, grandfathered, or nonconforming use of her property.

92. To the extent not governed by a more specific constitutional provision, Defendants' threatened enforcement is arbitrary, unreasonable, and conscience-shocking as applied to Plaintiff because it disregards the long

14

history of Township knowledge, Plaintiff's licensing and compliance efforts, the 2016 process, the alleged agreement, Plaintiff's reliance, the absence of a final administrative decision, disputed material facts, and accommodation failures affecting Plaintiff's access to counsel and process.

93. Defendants' threatened enforcement would cause immediate and irreparable deprivation before meaningful federal review.

94. Plaintiff is entitled to declaratory and injunctive relief.

## VIII. COUNT IV

## 42 U.S.C. § 1983 — EQUAL PROTECTION / CLASS OF ONE / SELECTIVE ENFORCEMENT

95. Plaintiff incorporates all preceding paragraphs.

96. Plaintiff asserts that Defendants singled her out for enforcement despite her longstanding compliance efforts, licensing, pursuit of Township procedures, reliance on Township representations, and substantial reduction of the number of dogs.

97. Plaintiff alleges that other situations remotely similar to hers involved some level of neglect or abuse, whereas repeated inspections of Plaintiff's dogs did not produce findings of neglect, abuse, dangerous animals, or nuisance.

15

98. Upon information and belief, Defendants treated Plaintiff differently from similarly situated persons or property owners without a rational basis and sought uniquely intrusive entry-and-removal relief against her.

99. Plaintiff asserts that the threatened enforcement is selective, arbitrary, and irrational as applied to her.

100. Plaintiff is entitled to declaratory and injunctive relief.

## IX. COUNT V

## DECLARATORY RELIEF

101. Plaintiff incorporates all preceding paragraphs.

102. An actual controversy exists between the parties concerning Plaintiff's rights and Defendants' present written authority for threatened future enforcement.

103. Plaintiff seeks prospective relief concerning threatened future enforcement actions and does not seek review, reversal, or modification of the merits of the state-court judgment.

104. Plaintiff seeks declarations that Defendants may not enter her property or structures to remove dogs, or remove, seize, transfer, adopt out, sell, euthanize, or otherwise interfere with her dogs, without constitutionally adequate and reasonable process.

105. Plaintiff seeks declarations concerning the effect of Plaintiff's longstanding use, vested rights, grandfathered or nonconforming use, the 2016 process, the

16

alleged agreement, Plaintiff's reliance, Defendants' threatened enforcement, and the effect of accommodation failures on Plaintiff's access to counsel and due process.

106. Plaintiff seeks declarations necessary to preserve the status quo pending adjudication of her federal constitutional claims.

## X. COUNT VI

## EQUITABLE ESTOPPEL / GOVERNMENTAL RELIANCE

107. Plaintiff incorporates all preceding paragraphs.

108. Plaintiff asserts that Imlay Township and its officials, through words, conduct, inaction, and the 2016 process, caused Plaintiff reasonably to believe she could continue reducing the number of dogs over time and remain in compliance.

109. Plaintiff asserts that she relied on Township conduct and the 2016 agreement to her detriment.

110. Plaintiff asserts that enforcement contrary to that conduct and reliance is inequitable and would cause irreparable harm.

111. Plaintiff seeks equitable relief preventing Defendants from enforcing against her in a manner inconsistent with their representations, conduct, and Plaintiff's reliance.

## XI. COUNT VII

## VESTED RIGHTS / GRANDFATHERED USE / NONCONFORMING USE

112. Plaintiff incorporates all preceding paragraphs.

113. Plaintiff asserts that her use of the property and ownership of multiple dogs existed before the 2009 ordinance amendments.

114. Plaintiff asserts that no prior ordinance applied to prohibit her use before the 2009 ordinance amendments.

115. Plaintiff asserts that the 2009 ordinance amendments included grandfathering or nonconforming-use protections.

116. Plaintiff asserts that her use was lawful, vested, grandfathered, conforming, or legally protected.

117. Plaintiff seeks declaratory and injunctive relief recognizing and preserving those rights pending adjudication.

## XII. EMERGENCY INJUNCTIVE RELIEF

118. Plaintiff incorporates all preceding paragraphs.

119. Plaintiff is likely to succeed on the merits of one or more federal claims or, at minimum, has raised serious questions going to the merits that warrant preservation of the status quo.

120. Plaintiff will suffer irreparable harm absent immediate relief because Defendants may enter her property or structures, remove or seize dogs,

18

transfer or disperse dogs, adopt out or sell dogs, euthanize dogs, or otherwise interfere with possession before this Court can adjudicate Plaintiff's federal claims.

121. The threatened harm is immediate and cannot be fully remedied by money damages.

122. The balance of equities favors preserving the status quo because Plaintiff seeks only to prevent removal or interference pending further order.

123. Defendants will suffer no legally cognizable harm from a temporary order preserving the status quo long enough for this Court to review the issues, especially where no animal-welfare, dangerous-animal, or nuisance emergency is alleged.

124. The public interest favors constitutional process, orderly judicial review, preservation of the status quo, and avoidance of irreversible government action before federal claims are heard.

125. Plaintiff requests a temporary restraining order, preliminary injunction, and permanent injunctive relief.

126. Plaintiff requests waiver of security under Fed. R. Civ. P. 65(c) or, alternatively, a nominal bond.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sharon Schutte respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Enter a temporary restraining order preserving the present status quo;

C. Enjoin Defendants, their officers, agents, servants, employees, attorneys, contractors, and all other persons acting in concert or participation with them from entering Plaintiff's property or structures for the purpose of removing dogs; removing or seizing any of Plaintiff's remaining dogs; transferring, dispersing, adopting out, selling, euthanizing, or otherwise disposing of the dogs; or otherwise interfering with Plaintiff's possession of the dogs pending further order of this Court;

D. Set the matter for an expedited hearing on preliminary injunction;

E. Enter a preliminary injunction preserving the status quo pending final adjudication;

F. Enter declaratory relief concerning Plaintiff's federal constitutional rights, property interests, vested rights, grandfathered or nonconforming use, reliance, access to counsel, due process, unreasonable entry and seizure, and Defendants' threatened future enforcement;

G. Confirm that Plaintiff seeks only prospective relief necessary to prevent

imminent enforcement actions and preserve the status quo pending

adjudication of Plaintiff's federal constitutional claims;

H. Waive security under Fed. R. Civ. P. 65(c) or set a nominal bond;

I. Award Plaintiff costs and attorney fees as permitted by law, including 42 U.S.C.

§ 1988;

J. Permit amendment of this Complaint to identify unknown officials and

governmental actors, add facts and record materials, and supplement claims

and emergency relief as information becomes available;

K. Grant such other relief as this Court deems just and proper.


Respectfully submitted,
/s/ Michelle LG Dallaire
Michelle LG Dallaire, JD, LLM (P51462)
Attorney for Plaintiff Sharon Schutte
21420 Parker Street
Farmington Hills, MI 48336
248-767-0239
mlgullet@umich.edu

Dated: August 3, 2026