UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON SCHUTTE,

      Plaintiff,

v.                                      Case No. 26-cv-12671
                                          Honorable Linda V. Parker

IMLAY, TOWNSHIP OF,
IMLAY TOWNSHIP BOARD, and
POLICE OFFICER JOHN DOE,

      Defendants.

_____

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

On August 3, 2026, Plaintiff Sharon Schutte filed this action alleging violations of her rights under the United States Constitution arising from Defendants' actions to remove dogs from her property in Imlay Township. (ECF No. 1.) Schutte, who is 71 years old, provides that when she moved to the property in approximately 2003, there were no limits on the number of dogs a property owner could own, provided the dogs were licensed, as her Shetland Sheepdogs have continuously been. (ECF No. 4-2 at PageID.52-53 ¶¶ 1-2, 5.) The township later amended its ordinances to restrict ownership and has sought to enforce the amended ordinance on Schutte retroactively. (*Id*. at PageID.53 ¶ 6; *see generally id*.) She does not operate a commercial clinic and engages in no commercial activity related to the dogs. (ECF No. 1 at PageID.5 ¶ 26.)

1

In 2016, Schutte attempted to work with Imlay Township to reach a resolution regarding her dogs.  (ECF No. 4-2 at PageID.53 ¶ 8.)  Schutte applied for a Special Land Use permit, which led to an agreement allowing her to gradually reduce the number of dogs on the property.  (*Id.* ¶ 10.)  Relying on that agreement, Schutte reduced the number of dogs, which at one point numbered approximately twenty to the twelve she currently owns.  (*Id.* ¶¶ 12-14.)  Township officers have inspected her property on multiple occasions since 2016, and found no evidence of neglect, abuse, animal cruelty, dangerous animals, or unsanitary or nuisance conditions.  (*Id.* at PageID.53-54 ¶¶ 17-18.)

Nevertheless, Imlay Township initiated state court proceedings seeking an injunction with respect to the dogs.  (*Id.* ¶ 28.)  It is Schutte's understanding that the state court issued an order in Fall 2025, authorizing the Township, without advance notice, to enter and remove the remainder of her dogs.  (*Id.* ¶¶ 29-30.)  Schutte sought appellate relief without success.  (*Id.* ¶ 31; *see also* ECF No. 4-3; ECF No. 4-4.)

Schutte filed the pending action alleging violations of her substantive and procedural rights under the United States Constitution in connection with Defendants' actions.  Fearing the impending removal of the dogs, she moved for a temporary restraining order.

Having reviewed Schutte's Complaint, motion, supporting brief, and Affidavit of Sharon Schutte, core emergency exhibits, and the record presently before the Court, the Court finds for purposes of temporary relief that:

1.      The Court has subject-matter jurisdiction over Schutte's Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      The October 30, 2025 state-court order provides written authority for Imlay Township, after disposition of the Michigan Supreme Court application, to enter Schutte's property and structures and remove dogs.  The Michigan Supreme Court denied leave on May 22, 2026.

3.      Schutte demonstrates a likelihood of success on at least one claim alleged in the Complaint, or raises sufficiently serious questions going to the merits, to warrant short preservation of the status quo.

4.      Without temporary relief, Schutte faces immediate and irreparable harm through removal, separation, dispersal, transfer, adoption, sale, euthanasia, or other disposition of her Shetland Sheepdogs before meaningful review can occur.

5.      Township counsel declined to agree to a formal stay.  Although counsel indicated that the Township would give Schutte "a heads-up" before action is taken, no promise was made to do anything more before entering Schutte's property and seizing the animals.

6.      The balance of equities favors a short status-quo order.  The dogs have remained at the property, and the present record does not identify a neglect, abuse,

3

dangerous-animal, nuisance, or other safety emergency requiring immediate removal.

7.     The public interest favors constitutionally adequate process, orderly judicial review, and avoidance of irreversible government action.

8.     A narrowly tailored order will not reverse or modify the state-court judgment; it will temporarily restrain prospective implementation while the Court considers the federal claims.

Accordingly,

**IT IS ORDERED** that Schutte's motion for a temporary restraining order is **GRANTED** as follows:

1.   Until this Order expires or the Court orders otherwise, Imlay Township, the Imlay Township Board, their officials, officers, agents, servants, employees, attorneys, contractors, and all persons in active concert or participation with them are restrained from:

   • entering Schutte's property or structures for the purpose of removing dogs;

   • removing or seizing any of Schutte's remaining dogs;

   • transferring, dispersing, adopting out, selling, euthanizing, or otherwise disposing of any of the remaining dogs; and

   • otherwise interfering with Schutte's possession of the remaining dogs.

2.   This Order does not prohibit consensual activity; action authorized by a later order of this Court entered after notice and an opportunity to be heard; or

reasonable action necessary to address a genuine exigency involving an immediate danger to human or animal safety unrelated to the dog-number or kennel enforcement at issue.

3.  This Order preserves only the present status quo and does not adjudicate the ultimate merits of the parties' claims or defenses, reverse or modify the state-court judgment, or prevent lawful proceedings consistent with this Order.

4.  Schutte shall promptly transmit this Order to known counsel for Imlay Township.  Actual notice may also be provided by any means permitted by Federal Rule of Civil Procedure 65(d)(2).

5.  Security under Rule 65(c) is **WAIVED**.

    **IT IS FURTHER ORDERED** that this Order takes effect immediately upon entry and expires fourteen days after entry, at August 21, 2026 at 4:44 p.m., unless extended by the Court for good cause, extended by consent, or superseded by a preliminary-injunction order.

Dated: August 7, 2026 at 4:44 p.m.         s/LINDA V. PARKER
                                           U.S. DISTRICT JUDGE